# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **JONATHAN B. GUESSFORD**<br><br>Plaintiff<br><br>vs.<br><br>**CORPORAL STEPHEN DOUGLAS, TROOPER NICHOLAS GALLO, and MASTER CORPORAL ALFONSO JONES, individually and in their official capacities as members of the Delaware State Police,**<br><br>Defendants. | **CIVIL ACTION NO.**<br><br><br><br>**COMPLAINT FOR VIOLATIONS OF THE 1st, 4TH, AND 14th AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES AND SECTION 1983 OF THE CIVIL RIGHTS ACT** |

Plaintiff, Jonathan Guessford, by way of Complaint against defendants Corporal Stephen Douglas, Trooper Nicholas Gallo, and Master Corporal Alfonso Jones and says:

## INTRODUCTION

1. This case seeks to protect and vindicate fundamental constitutional rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution. Through the statutory vehicle 42 U.S.C. § 1983, Plaintiff Guessford alleges that on March 11, 2022, Defendants Douglas, Gallo, and Jones deprived him of liberty in retaliation for exercising the constitutional right to freedom of speech and expression.

2. Plaintiff Guessford seeks a money judgment against Defendants Douglas, Gallo, and Jones and a declaration that while acting under color of state law, their unconstitutional conduct—preventing him from peaceful protest, seizing his person and motor vehicle without probable cause or reasonable suspicion because he was protesting against the police's use of a radar to detect speeding and when he visibly displayed his raised middle finger in protest while driving away from the first stop—would chill others from exercising First Amendment freedoms.

3. Plaintiff Guessford further seeks declaratory, preliminary, and permanent injunctive relief against Defendants Douglas, Gallo, and Jones to stop them from arbitrarily exercising state power for no legitimate governmental reason but to interfere with his fundamental liberty interests and chill First Amendment freedoms.

## Jurisdiction and Venue

4. Plaintiff Guessford incorporates by reference complaint paragraphs one through three, as set forth fully here.

5. This Court has subject matter jurisdiction over the instant cause of action under 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. §§ 1983, 1988.

6. Plaintiff Guessford's claims for declaratory and injunctive relief are further authorized by Federal Rules of Civil Procedure ("Fed. R Civ. P") 57 and

65, and by the general legal and inherent equitable powers of this Court.  Title 42 U.S.C. §§ 1983 and 1988 authorizes Plaintiff Guessford's claims for damages.

7. Venue is proper under 28 U.S.C. § 1391(b) because Defendants Douglas, Gallo, and Jones reside, and the events occurred in the District of Delaware.

## PARTIES

8. Plaintiff, Jonathan Guessford, is an adult individual and citizen of the State of Delaware, residing in Smyrna, Delaware.

9. Defendant Corporal Stephen Douglas was at all times relevant an employee of the State of Delaware as a State Trooper.  At all times herein mentioned, defendant Douglas was acting under the color of law in his individual capacity as a Corporal for the Delaware State Police.

10. Defendant Trooper Nicholas Gallo was at all times relevant an employee of the State of Delaware as a State Trooper.  At all times herein mentioned, defendant Gallo was acting under the color of law in his individual capacity as a Trooper for the Delaware State Police.

11. Defendant Master Corporal Alphonso Jones was at all times relevant an employee of the State of Delaware as a State Trooper.  At all times herein mentioned, defendant Jones was acting under the color of law in his individual capacity as a Master Corporal for the Delaware State Police.

## **GENERAL ALLEGATIONS**

8. Prior to March 11, 2022, Plaintiff Guessford became an informal advocate against police abuse.

9. As a result of prior encounters with the police, Guessford decided to stage protests whenever he saw police officers stopping unsuspected vehicles using a radar gun.

10. Guessford's protest are simple: he simply parks in a safe area at the intersection where the police are using radar technology and holds up a handmade cardboard sign that reads "Radar Ahead! (written in magic marker)"

11. On March 11, 2022, Plaintiff Guessford was driving on Rt. 13 (northbound) in Cheswold, Delaware when he observed Corporal Douglas and other State Troopers engaged in using a radar gun to arrest drivers for speeding.

12. Plaintiff Guessford found a safe area on the side of the highway to display his sign ahead of the speed trap.

13 Plaintiff Guessford held the sign on the side of the road.

14. Plaintiff Guessford did not obstruct traffic.

15. Subsequently, Corporal Douglas arrived in an unmarked police vehicle and confronted Guessford. Corporal Douglas shut down Guessford's protest and threatened to confiscate his sign.

16. Subsequently, Trooper Gallo arrived in a marked police vehicle and shut down Guessford's protest, and threatened to confiscate his sign. A video of the incident can be viewed below:



17. Trooper Gallo and Corporal Douglas falsely stated that Guessford was obstructing traffic and needed to stop his protest.

18. Corporal Douglas physically restrained Guessford from holding his sign in peaceful protest.

19. Eventually, Trooper Gallo grabbed Plaintiff Guessford's sign and ripped it up.

20. After Trooper Gallo and Corporal Douglas confiscated Plaintiff's sign and shut down his protest, Plaintiff Guessford returned to his vehicle and began to drive off.

21. As one last act of protest against Trooper Gallo and Corporal Douglas' abusive conduct, Plaintiff Guessford drove by the officers and displayed a raised extended middle finger.

22. In retaliation for Plaintiff Guessford's exercise of First Amendment rights, Corporal Douglas and Master Corporal Alphonso Jones executed a traffic stop on his motor vehicle. A video of the incident can been viewed here:



23. Master Corporal Jones announced himself as Douglas' supervisor and that Guessford's act of raising his extended middle finger was criminal conduct. Douglas' contradicted Jones' announced reason for the stop stating that Guessford was being pulled over for a "improper hand signal".

24. Corporal Douglas and Master Corporal Jones' traffic stop was an adverse action taken against Guessford for exercising his First Amendment right to express disapproval of, and disagreement with, Douglas and Gallo's initial violation of Plaintiff's first amendment right to peacefully protest.

25. Defendants Douglas and Jones threatened to lock up Guessford, tow Guessford's vehicle, and have child services take away Guessford's minor child.

26. In addition, Douglas and Jones violated Guessford's constitutionally protected First Amendment right to freedom of expression for visibly displaying

his raised extended middle finger out of the driver's side window toward Corporal Jones and Trooper Gallo.

27. Douglas and Jones manufactured a charge against Guessford for exercising his first amendment right to peacefully protest.

28. Plaintiff was maliciously charged with a violation of 21 <u>Del. Code</u> §4157(2), failure to give a right-hand turn signal. A video of Corporal Jones issuing the citation can be viewed.



29. The charge was not supported by any facts.

30. The traffic stop and criminal charges was an adverse action taken against Guessford for exercising his First Amendment right to express disapproval of, and disagreement with, the Plaintiff raising his extended middle finger in protest of the Corporal Douglas, Trooper Gallo, and Master Corporal Jones' unconstitutional actions.

31. On June 29, 2022, the charge against Plaintiff was dismissed by the State.

*Count One—First Amendment Retaliation*
(42 U.S.C § 1983)

32. Plaintiff Guessford incorporates by reference complaint paragraphs one through thirty-one, as set forth fully here.

33. Defendants Douglas and Jones acted under color of state law by prohibiting Guessford from engaging in peaceful protest and destroying Guessford's sign.

34. Defendants Douglas and Jones acted under the color of law by stopping Guessford's vehicle and issuing him a traffic citation.

35. Plaintiff Guessford's peaceful protest of holding up a sign saying "Radar Ahead!" was entitled to First Amendment protection as an expression of speech.

36. Plaintiff Guessford's display of his raised middle finger extended toward Corporal Douglas and Trooper Gallo as he drove away was a symbolic gesture entitled to First Amendment protection as an expression of speech.

37. Plaintiff Guessford had a clearly established constitutional right to express his disapproval of, and disagreement with, Corporal Douglas and Trooper Gallo's shutting down his protest and destroying his sign.

38. Defendants Douglas and Jones initiation of the traffic stop, and issuance of a bogus traffic ticket to Plaintiff Guessford, was an adverse action

taken in retaliation for his exercise of constitutionally protected symbolic speech and expression.

39. Defendants Douglas and Jones motive for the traffic stop and issuance of a traffic ticket was to punish Plaintiff Guessford for exercising rights secured under the constitution.

40. The adverse actions taken against Plaintiff Guessford—stopping his motor vehicle without reasonable suspicion or probable cause—would substantially interfere with the exercise of First Amendment freedoms by deterring a person of ordinary firmness from further expressing disapproval and disagreement with police conduct in the State of Delaware, through speech and symbolic gesture.

41. As a direct and proximate result of Defendants' violations of the First Amendment, Plaintiff Guessford has suffered irreparable harm, including the loss of his clearly established fundamental constitutional right to free speech and expression, entitling him to declaratory and injunctive relief and damages.

*Count Two—Fourth Amendment*
(42 U.S.C. § 1983; Unlawful Detention and Seizure)

42. Plaintiff Guessford incorporates by reference complaint paragraphs one through forty-one, as set forth fully here.

43. Defendants Douglas and Jones stopped Plaintiff Guessford's motor vehicle, without probable cause or reasonable suspicion to believe a traffic violation had occurred or criminal conduct was afoot.

44. The traffic stop by Defendants Douglas and Jones acting under color of state law, was an unlawful detention and seizure under the Fourth Amendment that interfered with Plaintiff Guessford's liberty interests—restraining his freedom of movement—, further causing him physical injury and property damage.

45. Defendants Douglas and Jones's traffic stop by activating emergency lights on a state-owned police vehicle directly behind Plaintiff Guessford's motor vehicle was a show of authority for an unlawful reason.

46. Plaintiff Guessford's Fourth Amendment rights were sufficiently clear that Douglas and Jones knew his detention and seizure of his person and motor vehicle, without probable cause or reasonable suspicion, was unconstitutional arbitrary, and oppressive conduct.

47. As a direct and proximate result of Defendant Douglas and Jones' unlawful detention and seizure of Guessford's person and motor vehicle, Plaintiff Guessford has suffered irreparable harm, including the loss of his fundamental liberty interests entitling him to declaratory and injunctive relief and damages.

*Count Three—Substantive Due Process*
(42 U.S.C. § 1983; Fundamental Liberty)

48. Plaintiff Guessford incorporates by reference complaint paragraphs one through thirty-seven., as set forth fully here.

49. This count is cumulative and raised in the alternative, to the preceding First and Fourth Amendment claims made applicable to the states through the Fourteenth Amendment Due Process Clause.

50. The fundamental right to liberty without arbitrary governmental interference is a protected right, deeply rooted in our country's concepts of decency, history, and tradition.

51. Defendants Gallo and Douglas' prohibition of Guessford's peaceful protest and confiscation of his sign was an arbitrary abuse of state power that served no government interest but did interfere with fundamental rights implicit in the concept of ordered liberty.

52. The traffic stop where Defendants Douglas and Jones seized Plaintiff Guessford and his motor vehicle was an arbitrary abuse of state power that served no government interest but did interfere with fundamental rights implicit in the concept of ordered liberty.

53. As a result of Defendants Douglas, Gallo, and Jones' arbitrary abuse of state power, Plaintiff Guessford lost his freedom of movement, suffered physical injury, and property damage.

54. Defendants Gallo and Douglas had no legal or legitimate right to stop Plaintiff Guessford from peacefully protesting nor confiscating his sign.

55. Defendants Jones and Douglas had no legitimate right to stop Plaintiff Guessford in his vehicle and so this exercise of police power was egregious official misconduct that not only derogated a fundamental right but also shocks the conscience.

## ATTORNEY FEES

56. It was necessary for the plaintiff to hire the undersigned attorney to file this lawsuit. Upon judgment, the plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988 (b).

## PRAYERS FOR RELIEF

57. The above paragraphs are repeated and incorporated herein by reference as if set in full.

58. Plaintiff demands judgment against defendants Douglas, Gallo, and Jones individually, jointly, and/or in the alternative for compensatory damages, punitive damages, attorney fees, interest and costs of suit, and such relief as the Court may deem just and equitable.

59. Plaintiff demands judgment against defendants Douglas, Jones, and Gallo jointly and/or in the alternative for compensatory damages, attorney fees, interest and costs of suit, and such relief as the Court may deem just and equitable.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

60. Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule 38, a trial by jury on all issues.

**THE POLIQUIN FIRM, LLC**

By: */s/ Ronald G. Poliquin*
Ronald G. Poliquin, Esquire
Delaware Bar ID No. 4447
1475 S. Governors Ave.
Dover, DE 19904
(302) 702-5501

Attorney for Plaintiff Jonathan Guessford

Date: February 17, 2023