IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| JONATHAN B. GUESSFORD | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 23-185-MAK |
| | : | |
| CORPORAL STEPHEN DOUGLAS, | : | |
| TROOPER NICHOLAS GALLO, | : | |
| MASTER CORPORAL RAIFORD | : | |
| BOX | | |

## ORDER

**AND NOW**, this 20ᵗʰ day of June 2023, following our May 19, 2023 Order (D.I. 9)

beginning discovery and today's telephonic Initial Pretrial Conference rescheduled in our May 31,

2023 Order (D.I. 12), it is **ORDERED** the parties are attached for a three-day jury trial beginning

**November 15, 2023** and shall proceed consistent with Fed. R. Civ. P. 1 to resolve this dispute:

1.    Counsel and parties are required to follow this Court's Policies and Procedures in

effect at the time of the anticipated action ("Policies") and Default Order on Electronic Discovery

found at www.paed.uscourts.gov.

2.    The parties declined a F.R.E. 502(d) Order without prejudice.

3.    We strike Plaintiff's claims against the state actors in their official capacity upon

consent.

4.    We **strike** Affirmative Defense No. H (D.I. 8) without prejudice.

5.    All motions to further amend the pleadings and to join or add additional parties

shall be filed by **July 21, 2023.**

6.    All fact and expert discovery shall be served, noticed, and completed by **August**

**31, 2023** and we expect written discovery to be promptly completed and deposition discovery

should be, to the extent necessary, done through a video-sharing service, including allowing a Court Reporter to also participate by video-sharing arranged by the party noticing the deposition.[1]

7.      Counsel shall confirm the date, time, and place for all scheduled depositions by email sent to each other no later than **June 30, 2023**.

8.      On or before **June 29, 2023**:

a.      Plaintiff shall produce the full video recording or audio recordings from the incident including those plead in the amended Complaint (D.I. 3); and,

b.      Defendant shall produce all materials required to have been produced under Rule 26 and otherwise responsive to the Plaintiff's outstanding discovery requests;

9.      No later than **July 5, 2023**, all parties seeking relief of any sort shall serve a detailed written demand upon all parties claimed to be responsible for any claim of relief.  All responding parties shall provide a detailed written response on or before **July 11, 2023**.

10.     The parties shall meaningfully confer on the chosen form of mediation so as to allow Plaintiff, on or before **July 13, 2023,** either file: a Notice of Chosen Mediator identifying a private mediator and selected in-person date for mediation before September 6, 2023 with all parties or otherwise confirming the parties' specific progress towards resolving the case which could offer us a basis to find outside mediation efforts are not necessary at this stage; or, a memorandum not exceeding five pages **showing cause** as to why we should not appoint either

---

[1] We provide the parties with additional time to complete discovery given Defendants' counsel's representations of Defendants' schedules. The parties may agree to extend this *discovery* deadline *without extending any other deadline* without seeking leave. The other dates will not be amended absent good cause beyond the parties' (and their employer's) control.

former Chief Judges Robinson or Sleet as a Rule 53 Master to timely hold mediation sessions at their customary rates and terms at a time convenient to counsel before September 6, 2023.

11.     Counsel do not anticipate expert testimony; to the extent they change their mind, each party shall serve upon counsel for every other party the information referred to in Federal Rule of Civil Procedure 26(a)(2)(B) necessary to meet their burden of proof by expert report or answer to expert interrogatory no later than **August 3, 2023**. If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party, counsel shall serve such rebuttal evidence on counsel for every other party no later than **August 29, 2023**. Expert depositions, if any, shall be concluded no later than **August 31, 2023**.

12.     Any party expecting to offer opinion testimony from lay witnesses under Fed. R. Evid. 701, shall, at the time required for submission of information and/or reports for expert witnesses set forth in the preceding paragraph, serve opposing parties with concise details and/or documents detailing the lay opinions of the Rule 701 witnesses, including the identity of each witness, the substance, and the basis for each opinion.

13.     Summary judgment and F.R.E. 702 motions, if any, shall be filed no later than **September 12, 2023**. Responses shall be filed in accord with the Local Rules and this Court's Policies and no later than **September 26, 2023**. Motions for summary judgment and responses shall fully comply with this Court's Policies, including:

(a)     A separately filed Statement of Undisputed Material Facts which details, in numbered paragraphs, the material facts that the moving party contends are undisputed and entitle the movant to judgment as a matter of law. Only those facts which bear on dispositive material issues shall be included in the Statement of Undisputed Facts.

3

(b)     Opposition to a motion for summary judgment shall include a separate filing of a Statement of Material Facts, responding to the numbered paragraphs in the movant's Statement of Undisputed Facts, which the respondent contends present genuine issues for trial. The responding party also shall set forth, in separate numbered paragraphs, any additional facts which the respondent contends preclude summary judgment.

(c)     Statements of Material Facts in support of or in opposition to a motion for summary judgment shall include specific and not general references to the record that support each of the statements. Each stated fact shall cite the source relied upon, including the page of any document or line and page number of any deposition to which reference is made.

(d)     Memoranda in support of, or opposing, a Rule 56 motion is limited to twenty-five (25) pages, double-spaced, twelve (12) point font.

(e)     Upon filing, the movant(s) shall also file a separate appendix of all exhibits or affidavits which may relate to the issues raised in the motion. On all cross-motions under Rule 56, the cross-movants must consult and file a joint appendix. All pages of the appendix shall be consecutively "Bates stamped" and referenced by the Bates number assigned to each page. The appendix shall include a table of contents. The movant shall make every effort to include all necessary exhibits in the appendix, anticipating the respondent's necessary citations to the fullest good faith extent possible. Should it become necessary for the non-moving party to submit affidavits or additional exhibits, it may do so in a respondent's appendix filed with its Opposition. Any additions to the movant's appendix shall also be consecutively Bates-stamped, beginning sequentially at the page number where the movant's appendix ended, and shall include a table of contents. This Court will not consider party documents not included in the appendix.

(f)     Parties shall provide Chambers with one (1) paper courtesy copy of all filed summary judgment submissions by overnight mail or hand delivery within one (1) business day of filing.

(g)     Failure of the movant to follow this procedure in all respects may result in denial of the motion without prejudice to be renewed at trial.  Respondent's failure to comply in all respects may result in this Court's considering the motion as uncontested.

14.     Only those exhibits, discovery items and expert witnesses identified in the manner set forth in this Order shall be considered for admission into evidence at trial, unless stipulated by all affected parties and approved by the Court.

15.     The unavailability of a witness will not be a ground to delay the commencement or progress of an ongoing trial.  If a witness may be unavailable at the time of trial in the manner defined in Fed. R. Civ. P. 32(a)(4), testimony must be presented by oral or videotape deposition at trial.

16.     No later than **October 23, 2023**, counsel for each party shall exchange (by email to each other) a list identifying each exhibit the party expects to offer at trial along with a reference to the Bates number or other identification of the documents used in discovery.

17.     No later than **October 24, 2023**, each party shall file a pretrial memorandum compliant with our Policies.

18.     No later than **October 25, 2023**, each party shall file proposed jury instructions on substantive issues and proposed verdict forms or special interrogatories, with an electronic copy e-mailed in Word format to Chambers_of_Judge_Kearney@paed.uscourts.gov.

19.     All motions affecting trial presentations (e.g., *in limine*), proposed *voir dire* peculiar to your case, objections to proposed jury instructions, list of contested exhibits and deposition

designations (providing the exhibits and highlighted designations to Chambers) shall be filed on or before **October 26, 2023**.   Responses, including highlighted counter-designations and objections, if any, shall be filed on or before **November 2, 2023**.

20.    A final pretrial conference will be held telephonically on **November 13, 2023** at **8:45 A.M.**: (Dial-in Number: 888-278-0296; Access Code: 5723096#).

21.    Counsel is attached for jury selection followed by a three-day trial beginning on **November 15, 2023** at **9:00 A.M.** in a Courtroom to be determined in the J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, Delaware 19801.

**KEARNEY, J.**

6