**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JONATHAN B. GUESSFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | C.A. No. 23-185-MAK |
| CORPORAL STEPHEN DOUGLAS, ) | |
| TROOPER NICHOLAS GALLO, and ) | |
| MASTER CORPORAL RAIFORD BOX, ) | |
| ) | |
| Defendants. ) | |

### DSP DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE

Defendants Stephen Douglas, Nicholas Gallo, and Raiford Box ("DSP Defendants"),[1] by and through their undersigned counsel, hereby submit this response to the Court's Order, entered on August 30, 2023, D.I. 29, for the parties to show cause why the Court should not lift the seal on Plaintiff Jonathan B. Guessford's Motion to Enforce Settlement Agreement ("Motion to Enforce"). D.I. 28. In support of keeping the motion and its exhibit sealed, DSP Defendants submit the following:

### BACKGROUND

1. Plaintiff brought this action on February 17, 2023, alleging that DSP Defendants violated his First, Fourth, and Fourteenth Amendment rights. *See* D.I. 1 (Original Compl.); D.I. 3 (Amend. Compl.).

2. The parties began discovery soon thereafter. *See* 16, 18, 22, 24. And discovery was set to close on August 31, 2023. D.I. 15.

3. Throughout discovery, the parties discussed potential terms to settle this matter.

---

[1] "DSP" refers to Delaware State Police, the agency which employs DSP Defendants. DSP has the authority to negotiate case resolutions on behalf of DSP Defendants.

But the parties never reached a final agreement.

4. DSP Defendants also served Plaintiff with an offer of judgment ("Offer of Judgment") on August 21, 2023. D.I. 26. Under Federal Rule of Civil Procedure 68, the offer of judgment would remain open until September 5, 2023.

5. While the parties continued discussing potential settlement terms, Plaintiff abruptly filed the Motion to Enforce on August 30, 2023. D.I. 28. The Motion to Enforce and its exhibit, which is an email chain between counsel in this case, contain the substance of settlement discussions between Plaintiff and DSP, including potential terms proposed by DSP.

6. Plaintiff subsequently informed DSP Defendants that he would accept the Offer of Judgment and withdraw the Motion to Enforce.

7. On September 1, 2023, Plaintiff filed a notice of acceptance of the Offer of Judgment, D.I. 30, but did not withdraw the Motion to Enforce.

8. The Court entered Judgment on September 1, 2023, D.I. 31, and denied the Motion to Enforce as moot. D.I. 32.

## ARGUMENT

9. In this case, the Court should keep Plaintiff's Motion to Enforce and its exhibit sealed because they contain the substance of potential settlement terms, in which the interest of confidentiality outweighs the public interest in disclosure.

10. The common law right of public access to judicial proceedings and records is well-established. *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988)). But courts have recognized that the presumption of public access is not absolute and may be rebutted. *Leucadia, Inc. v. Applied Extrusion*

*Technologies, Inc.*, 998 F.2d 157, 165 (3d Cir. 1993); *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991).  The party seeking to overcome the presumption of access bears the burden of demonstrating "that the interest in secrecy outweighs the presumption."  *In re Avandia Mktg., Sales Practices & Prods. Liability Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (internal quotation marks and citation omitted).  In doing so, the party "must show that the material is the kind of information that courts will protect and the disclosure will work a clearly defined and serious injury to the party seeking closure."  *Id.* (internal quotation marks and citation omitted).

11. In considering whether sealing is appropriate, the Court may consider factors such as privacy interests, the purpose for which information is being sought, whether disclosure will cause a party embarrassment, whether the information is important to public health and safety, whether disclosure will promote fairness and efficiency, whether the party benefitting from confidentiality is a public entity, and whether the case involves important public issues.  *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787-91 (3d Cir. 1994)).

12. Here, the balance of the factors weighs in favor of sealing information consisting of the substance of settlement discussions, and specifically, proposed terms of settlement DSP had offered to Plaintiff.  DSP Defendants acknowledge that they are state employees, DSP is a state agency, and that there has been some media interest in the case.  But unsealing confidential settlement discussions—not even a final settlement agreement—would undermine the public interest in promoting settlements of lawsuits.  *See In re Paulsboro Derailment Cases*, C.A. No. 13-784-KMW, 2015 WL 12835672, at *2 (D.N.J. Aug. 18, 2015) ("Federal courts agree that the

public policy interest in facilitating and encouraging settlements is well-served by preserving the confidentiality of communications made during settlement negotiations." (internal quotation marks and citation omitted)).

13. If a plaintiff can simply file the substance of settlement negotiations on the public docket to void confidentiality, there will be a chilling effect on DSP's willingness to engage in candid discussions and resolve actions. Keeping the substance of settlement negotiations confidential promotes fairness and efficiency by encouraging parties to resolve lawsuits to mutual benefit and avoid burdening public resources on prolonged litigation and trial. And unlike cases where court intervention is sought to approve or interpret a settlement agreement,[2] there is no judicial action needed here, as the Court has denied the Motion to Enforce as moot.

14. Furthermore, no other entity is seeking the disclosure of the Motion to Enforce, and proposed settlement terms have no bearing on public health or safety. Moreover, the terms of the accepted Offer of Judgment and that a judgment has been entered are all public knowledge.

15. In the alternative to keeping the Motion to Enforce and its exhibit entirely under seal, DSP Defendants respectfully request an opportunity to submit redactions to the Motion to Enforce and its exhibit.[3]

---

[2] *See Sabinsa Corp. v. Herbakraft, Inc.*, C.A. No. 14-4738-RBK, 2017 WL 3331773, at *1 (D.N.J. Aug. 4, 2017) (granting motion to seal settlement agreement filed in connection with motion to enforce settlement); *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, C.A. No. 97-3496-MAS, 2010 WL 2680562, at *2 (D.N.J. June 30, 2010) (same).

[3] *See Dobson v. Milton Hershey Sch. and Sch. Trust*, C.A. No. 16-1958-MCC, 2020 WL 7405406, at *2 (M.D. Pa. Dec. 17, 2020) (keeping settlement discussions and attorney communications redacted).

| | |
|---|---|
| Dated: September 5, 2023 | **STATE OF DELAWARE**<br>**DEPARTMENT OF JUSTICE**<br><br>*/s/ Nicholas D. Picollelli, Jr.*<br>Nicholas D. Picollelli, Jr. (#6317)<br>Deputy Attorney General<br>820 North French Street, 6th Fl.<br>Wilmington, Delaware 19801<br>(302) 577-8400<br>Nicolas.Picollelli@delaware.gov<br>*Counsel for DSP Defendants* |