## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JONATHAN B. GUESSFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 23-185-MAK |
| CORPORAL STEPHEN DOUGLAS, | ) |
| TROOPER NICHOLAS GALLO, and | ) |
| MASTER CORPORAL RAIFORD BOX, | ) |
| | ) |
| Defendants. | ) |

### DSP DEFENDANTS' RESPONSE TO
### ORDER TO SHOW CAUSE FOR REDACTIONS

Defendants Stephen Douglas, Nicholas Gallo, and Raiford Box ("DSP Defendants"),[1] by and through their undersigned counsel, hereby submit this response to the Court's Order, entered on September 6, 2023, D.I. 35, for DSP Defendants to file a supplemental memorandum describing a basis to redact non-public matters in Plaintiff Jonathan B. Guessford's sealed Motion to Enforce Settlement Agreement ("Motion to Enforce"). D.I. 28. In support of redacting the non-public matters, DSP Defendants submit the following:

### BACKGROUND

1. Plaintiff brought this action on February 17, 2023, alleging that DSP Defendants violated his First, Fourth, and Fourteenth Amendment rights. *See* D.I. 1 (Original Compl.); D.I. 3 (Amend. Compl.).

2. The parties began discovery soon thereafter. *See* D.I. 16, 18, 22, 24. And discovery was set to close on August 31, 2023. D.I. 15.

3. Throughout discovery, the parties discussed potential monetary and non-monetary

---

[1] "DSP" refers to Delaware State Police, the agency which employs DSP Defendants. DSP has the authority to negotiate case resolutions on behalf of DSP Defendants.

terms to settle this matter. The last settlement offer by DSP Defendants was for $50,000.00 and other non-monetary terms. But the parties never reached a final agreement.

4. DSP Defendants also served Plaintiff with an offer of judgment ("Offer of Judgment") on August 21, 2023. D.I. 26. It incorporated the $50,000.00 monetary offer discussed during settlement negotiations, but it did not include any non-monetary terms. *Id.* Under Federal Rule of Civil Procedure 68, the offer of judgment would remain open until September 5, 2023.

5. The parties were still discussing potential non-monetary settlement terms when Plaintiff abruptly filed the Motion to Enforce on August 30, 2023. D.I. 28. The Motion to Enforce and its exhibit, which is an email chain between counsel in this case, contain the substance of settlement discussions between Plaintiff and DSP Defendants, including the monetary offer of $50,000.00 and a proposed non-monetary term that was, again, not included in the Offer of Judgment.

6. Plaintiff subsequently informed DSP Defendants that he would accept the Offer of Judgment and withdraw the Motion to Enforce.

7. On September 1, 2023, Plaintiff filed a notice of acceptance of the Offer of Judgment, D.I. 30, but did not withdraw the Motion to Enforce.

8. The Court entered Judgment on September 1, 2023, D.I. 31, and denied the Motion to Enforce as moot. D.I. 32.

**ARGUMENT**

9. In this case, the Court should allow redaction of the proposed non-monetary settlement term in the Motion to Enforce and its exhibit because DSP Defendants' interest in confidentiality outweighs the public interest in disclosure.[2]

10. The common law right of public access to judicial proceedings and records is well-established. *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988)). Courts have recognized, however, that the presumption of public access is not absolute and may be rebutted. *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 165 (3d Cir. 1993); *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991). The party seeking to overcome the presumption of access bears the burden of demonstrating "that the interest in secrecy outweighs the presumption." *In re Avandia Mktg., Sales Practices & Prods. Liability Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (internal quotation marks and citation omitted). In doing so, the party "must show that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* (internal quotation marks and citation omitted). "The Court must then determine if the harm from the articulated injury outweighs the presumption of access." *CBV, Inc. v. ChanBond, LLC*, C.A. No. 21-1456-GBW, 2023 WL 2663150, at *1 (D. Del. Mar. 28, 2023) (citation omitted).

11. In determining whether redactions are appropriate, the Court may consider factors such as privacy interests, the purpose for which information is being sought, whether disclosure

---

[2] DSP Defendants have attached a copy of the Motion to Enforce and its exhibit, with proposed redactions, as Exhibit A hereto. The proposed redactions only relate to the non-monetary term discussed therein.

will cause a party embarrassment, whether the information is important to public health and safety, whether disclosure will promote fairness and efficiency, whether the party benefitting from confidentiality is a public entity, and whether the case involves important public issues. *See Three Brothers Supermarket Inc. v. United States*, C.A. No. 19-2003-KSM, 2020 WL 5749942, at *2-3 (E.D. Pa. Sept. 25, 2020).

12. Here, settlement negotiations are precisely "the kind of information that courts protect from disclosure." *See Hall v. Cnty. of Fresno*, C.A. No. 11-2047-BAM, 2015 WL 13236882, at *5 (E.D. Cal. Dec. 11, 2015) (denying intervener's motion to unseal documents involving the parties' settlement negotiations and holding that "the need to protect the parties' settlement negotiations outweighs any necessity for disclosure"); *Martinez v. Navarro*, C.A. No. 19-378-GSA, 2023 WL 2818075, at *2 (E.D. Cal. Mar. 23, 2023) ("The need for confidentiality of settlement negotiations is without dispute. [T]he presumption of public access to settlement conferences, settlement proposals, and settlement conference statements is very low or nonexistent under either constitutional or common law principles."); *Huang v. Behpour*, C.A. No. 11-456-SOM, 2012 WL 3201952, at *1 (D. Haw. Aug. 2, 2012) (sealing settlement communication and "recognizing a compelling need to protect settlement offers"); *see also cf. Sabinsa Corp. v. Herbakraft, Inc.*, C.A. No. 14-4738-RBK, 2017 WL 3331773, at *1 (D.N.J. Aug. 4, 2017) (granting motion to seal settlement agreement filed in connection with motion to enforce settlement); *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, C.A. No. 97-3496-MAS, 2010 WL 2680562, at *2 (D.N.J. June 30, 2010) (same).

13. Second, allowing a plaintiff to file the substance of settlement discussions on the public docket to void confidentiality would "work a clearly defined and serious injury" to DSP

4

Defendants' and DSP's "privacy interests." Specifically, DSP Defendants only engaged in settlement negotiations because it reasonably understood that the discussions were confidential. *See* Ex. A, p. 11 ("Please remind Mr. Guessford about the confidentiality of settlement negotiations[.]"). DSP Defendants thus have a legitimate interest in the enforcement of that confidentiality. *Cf. LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 222 (3d Cir. 2011) (affirming denial of motion to unseal settlement amount where a settling party "would not have entered into the settlement agreements *but for* the Court's assurance of confidentiality" at a settlement conference); *In re Armistead v. CONRAIL (In re Paulsboro Derailment Cases)*, C.A. No. 13-2358-RBK, 2016 WL 6089700 (D.N.J. Oct. 17, 2016) (sealing settlement amount where a settling party "relied on confidentiality of the settlement figure in making the settlement"); *Hershey Co. v. Promotion in Motion, Inc.*, C.A. No. 07-1601-SDW, 2010 WL 11475252, at *4 (D.N.J. Aug. 4, 2010) (order sealing portions of transcript revealing confidential settlement terms protected by confidentiality provision in settlement agreement).

14. Moreover, unsealing confidential settlement discussions—not even a final settlement agreement—would undermine the public interest in promoting settlements of lawsuits because DSP would be unwilling to discuss settlements in the future if confidentiality is easily voided by simply filing a motion with the Court. *See In re Paulsboro Derailment Cases*, C.A. No. 13-784-KMW, 2015 WL 12835672, at *2 (D.N.J. Aug. 18, 2015) ("Federal courts agree that the public policy interest in facilitating and encouraging settlements is well-served by preserving the confidentiality of communications made during settlement negotiations." (internal quotation marks and citation omitted)).

15. Lastly, regarding the other factors that this Court may consider, no other entity is

5

seeking the disclosure of the Motion to Enforce, and proposed settlement terms have no bearing on public health or safety. And unlike cases where court intervention is sought to approve or interpret a settlement agreement, there is no judicial action needed here, as the Court has denied the Motion to Enforce as moot.

16. In sum, the Court should keep sealed the portions of the Motion to Enforce that include or refer to the specific non-monetary term discussed by the parties during settlement negotiations. The proposed redactions are included in Exhibit A to this filing.

Dated: September 11, 2023     **STATE OF DELAWARE**
    **DEPARTMENT OF JUSTICE**

    */s/ Nicholas D. Picollelli, Jr.*
    Nicholas D. Picollelli, Jr. (#6317)
    Deputy Attorney General
    820 North French Street, 6th Fl.
    Wilmington, Delaware 19801
    (302) 577-8400
    Nicolas.Picollelli@delaware.gov
    *Counsel for DSP Defendants*