IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **JONATHAN B. GUESSFORD**<br><br>Plaintiff,<br><br>vs.<br><br>**CORPORAL STEPHEN DOUGLAS, TROOPER NICHOLAS GALLO, and MASTER CORPORAL RAIFORD BOX, individually and in their official capacities as members of the Delaware State Police,**<br><br>Defendants. | **CASE NO. 1:23-cv-00185 MAK** |

### PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AGAINST DEFENDANT STEPHEN DOUGLAS, NICHOLAS GALLO, AND RAIFORD BOX (FILED UNDER SEAL)

Comes now Plaintiff Jonathan B. Guessford, by and through his attorney, Ronald G. Poliquin, and moves to enforce an agreement as to settlement terms against Defendants Stephen Douglas, Nicholas Gallo, and Raiford Box, as follows:

1. Plaintiff instituted this civil action on February 21, 2023, with the filing of his Complaint. Plaintiff's initial Complaint alleged causes of action pursuant to

42 U.S.C. 1983 based on First Amended Retaliation and Unlawful Detention and Seizure. (D.I. 1)

  2.  After engaging in initial discovery, Plaintiffs noticed the depositions of Defendants Douglas, Gallo, and Box for August 24, 2023. (D.I.(s) 19-21)

  3.  Prior to the depositions, Defendants and Plaintiff engaged in settlement discussions culminating in the following agreement as of August 23, 2023:

  a.  Payment of $50,000.00 to Mr. Guessford;



the parties ultimately agreed to settle the matter with the payment of $50,000.00 to Guessford



5. Up to this point, neither party discussed nor requested a confidentiality order and/or non-disparagement clause.

6. On August 23, 2023, defense counsel, Nicholas Picollelli, sent a proposed "Settlement Agreement" which included for the first time both a "confidentiality agreement' and a "non-disparagement clause". *8/23/23 Email String and Draft Settlement Agreement* attached as Exhibit 1.

7. "Delaware law favors settlements and treats them as binding contracts." *Alston v. Pritchett*, 2015 WL 849689, at *2 (Del. Supr. Feb. 26, 2015) (internal citations omitted). "The party seeking to enforce the settlement agreement must demonstrate by a preponderance of the evidence that a valid contract exists." *Williams v. Chancellor Care Center of Delmar*, 2009 WL 1101620, at *3 (Del. Super. Apr. 22, 2009) (internal citations omitted). "A contract is created upon the valid acceptance of an offer. Where an attorney of record accepts a settlement offer

on behalf of his client, either orally or in writing, a binding contract is created. The attorney is presumed to have the lawful authority to make such an agreement." *Id*.

8. Here, the parties settled the matter for the $50,000.00 

9. Prior to the draft of the settlement agreement, there was no discussion by either party of a confidentiality agreement and/or a non-disparagement clause.

10. No consideration was contemplated for a confidentiality agreement and/or non-disparagement clause. Like any other contract, confidentiality agreements require consideration, which means that the receiving party must receive something in exchange for its promise not to disclose the information.

11. Here, there is no question that, on August 23, 2023, Defendants offered to resolve this matter for $50,000.00               nor is there any question that Plaintiff's counsel accepted Defendants' offer on his behalf. Thus, there was a binding contract formed by this offer and acceptance.

12. There is also no dispute that the settlement terms did not include a confidentiality agreement and/or a non-disparagement agreement.

13. Here, a binding contract to resolve this matter was created on August 21, 2023. Plaintiff, and his counsel, accepted the Defendants' proposal of a $50,000.00 payment                All parties' counsel acknowledged those terms. Defendants should be ordered by the court to

proceed with the settlement, as there has been no allegation of any breach by the Plaintiff.

**WHEREFORE**, Plaintiff Jonathan B. Guessford respectfully requests that the Court issue an Order requiring Plaintiff to comply with the terms of the settlement agreement.

**THE POLIQUIN FIRM, LLC**

/s/ Ronald G. Poliquin
RONALD G. POLIQUIN, ESQUIRE
Delaware Bar ID No. 4447
1475 South Governors Ave.
Dover, DE  19904
(302) 702-5501
Attorney for Plaintiff

Dated:  August 30, 2023

# Exhibit 1

 Gmail                                                                                       Ronald Poliquin <ron@poliquinfirm.com>

## Proposed Settlement Agreement - Guessford v. Douglas, C.A. No. 23-185-MAK
20 messages

---

**Picollelli, Nicholas D. (DOJ)** <nicholas.picollelli@delaware.gov>       Wed, Aug 23, 2023 at 2:04 PM
To: Ronald Poliquin <ron@poliquinfirm.com>

Ron,

Please see the attached settlement agreement that I drafted. If it looks good to you,  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

I'm happy to discuss at your convenience.

Nick

Nicholas D. Picollelli, Jr.

Deputy Attorney General

Delaware Department of Justice

Carvel State Office Building

820 North French Street, 6th Floor

Wilmington, DE 19801

Phone: (302) 577-8660

nicholas.picollelli@delaware.gov

 **DRAFT - Settlement Agreement - Guessford v. Douglas, C.A. No. 23-185-MAK.docx**
40K

---

**Ronald Poliquin** <ron@poliquinfirm.com>                                  Wed, Aug 23, 2023 at 2:19 PM
To: hikerLtwt@hotmail.com

[Quoted text hidden]

 **DRAFT - Settlement Agreement - Guessford v. Douglas, C.A. No. 23-185-MAK.docx**
40K

---

**Ronald Poliquin** <ron@poliquinfirm.com>                                  Wed, Aug 23, 2023 at 4:15 PM
To: "Picollelli, Nicholas D. (DOJ)" <nicholas.picollelli@delaware.gov>

Why is there a confidentiality agreement if the amount is subject to FOIA?


Ronald G. Poliquin, Esquire
Eureka College Athletic Hall of Fame, Class of 2021
The Poliquin Firm LLC
1475 S. Governors Ave. Dover, DE 19904
Work Phone: (302) 702-5501
Cell: (302) 229-2430
Fax: (302) 213-0042

If you need immediate assistance please contact my assistant, Morgan Kramer at morgan@poliquinfirm.com.

This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message are prohibited. If you have received this email in error, please destroy it and notify me immediately... Any tax advice contained in this message is not intended or writ

[Quoted text hidden]

---

**Ronald Poliquin** <ron@poliquinfirm.com>　　　　　　　　　　　　　　　　　　　　　　　Wed, Aug 23, 2023 at 4:30 PM
To: "Picollelli, Nicholas D. (DOJ)" <nicholas.picollelli@delaware.gov>

Spoke to my client, he is not ok with a confidentiality agreement.


Ronald G. Poliquin, Esquire
Eureka College Athletic Hall of Fame, Class of 2021
The Poliquin Firm LLC
1475 S. Governors Ave. Dover, DE 19904
Work Phone: (302) 702-5501
Cell: (302) 229-2430
Fax: (302) 213-0042

If you need immediate assistance please contact my assistant, Morgan Kramer at morgan@poliquinfirm.com.

This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message are prohibited. If you have received this email in error, please destroy it and notify me immediately... Any tax advice contained in this message is not intended or writ

On Wed, Aug 23, 2023 at 2:04 PM Picollelli, Nicholas D. (DOJ) <nicholas.picollelli@delaware.gov> wrote:
[Quoted text hidden]

---

**Picollelli, Nicholas D. (DOJ)** <nicholas.picollelli@delaware.gov>　　　　　　　　　　　Wed, Aug 23, 2023 at 5:42 PM
To: Ronald Poliquin <ron@poliquinfirm.com>

From your other email, regarding the confidentiality agreement, this is standard language in DSP's settlement agreements. Yes, the agreement will be subject to FOIA. But the confidentiality agreement limits what the parties can say publicly. It's very common in these types of agreements.

And I understand his position about the confidentiality agreement. Does he have alternative language? Because, again, this is a common provision in our settlement agreements.

[Quoted text hidden]

---

**Picollelli, Nicholas D. (DOJ)** <nicholas.picollelli@delaware.gov>   Wed, Aug 23, 2023 at 5:43 PM
To: Ronald Poliquin <ron@poliquinfirm.com>

Let me know if you want to chat tomorrow. I'm free all day.

From: Picollelli, Nicholas D. (DOJ)

[Quoted text hidden]

[Quoted text hidden]

---

**Ronald Poliquin** <ron@poliquinfirm.com>   Thu, Aug 24, 2023 at 9:44 AM
To: "Picollelli, Nicholas D. (DOJ)" <nicholas.picollelli@delaware.gov>

It's our position that the case has been settled. There was never any discussion regarding confidentiality as a material term of the agreement.

My client will agree to the following:
"The Parties agree to destroy or otherwise keep confidential any documents that have been so designated and produced in the Legal Action."


Ronald G. Poliquin, Esquire
Eureka College Athletic Hall of Fame, Class of 2021
The Poliquin Firm LLC
1475 S. Governors Ave. Dover, DE 19904
Work Phone: (302) 702-5501
Cell: (302) 229-2430
Fax: (302) 213-0042


If you need immediate assistance please contact my assistant, Morgan Kramer at morgan@poliquinfirm.com.

This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message are prohibited. If you have received this email in error, please destroy it and notify me immediately... Any tax advice contained in this message is not intended or writ

[Quoted text hidden]

**Picollelli, Nicholas D. (DOJ)** <nicholas.picollelli@delaware.gov>
To: Ronald Poliquin <ron@poliquinfirm.com>

Thu, Aug 24, 2023 at 10:12 AM

There was also no agreement that Mr. Guessford could take the money ▮▮▮▮▮▮▮▮▮ and go on a media tour. You know this is how these negotiations work. I might be able to have DSP drop the confidentiality clause, but DSP will insist on the non-disparagement clause. Otherwise, Mr. Guessford might as well accept the Offer of Judgment. Then he can say whatever he wants to the media.

[Quoted text hidden]

---

**Ronald Poliquin** <ron@poliquinfirm.com>
To: "Picollelli, Nicholas D. (DOJ)" <nicholas.picollelli@delaware.gov>

Thu, Aug 24, 2023 at 1:01 PM

I'm not sure what that means. Let me know if your client agrees to the revised language.
[Quoted text hidden]

---

**Picollelli, Nicholas D. (DOJ)** <nicholas.picollelli@delaware.gov>
To: Ronald Poliquin <ron@poliquinfirm.com>

Thu, Aug 24, 2023 at 1:30 PM

This is the non-disparagement clause:

> Guessford agrees further to take no action based upon the Litigation and this Agreement which is intended, or would reasonably be expected, to harm Defendants or DSP, or their administrators, officers, agents, employees, former employees, attorneys, and assigns and all parties in privity therewith, or their reputation or which would reasonably be expected to lead to unwanted or unfavorable publicity to same.

It's included at the end of the confidentiality provision. And it should stay in the agreement. But I will check whether the remainder of the confidentiality provision can be removed.

[Quoted text hidden]

---

**Ronald Poliquin** <ron@poliquinfirm.com>
To: "Picollelli, Nicholas D. (DOJ)" <nicholas.picollelli@delaware.gov>

Thu, Aug 24, 2023 at 1:33 PM

I know he won't agree to that.
[Quoted text hidden]

---

**Picollelli, Nicholas D. (DOJ)** <nicholas.picollelli@delaware.gov>
To: Ronald Poliquin <ron@poliquinfirm.com>

Fri, Aug 25, 2023 at 9:29 AM

Ron,

I spoke with DSP leadership, and they propose the following:

Regarding the settlement agreement, DSP is willing to withdraw the confidentiality provision. But, the non-disparagement clause must be included in the agreement. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

If Mr. Guessford is not willing to accept these terms, he is more than welcome to take the Offer of Judgment, ███████ ███████████████████. Please remind Mr. Guessford about the confidentiality of settlement negotiations, if he takes this option.

I am happy to discuss at your convenience today.

Nick

[Quoted text hidden]

---

**Ronald Poliquin** <ron@poliquinfirm.com>   Fri, Aug 25, 2023 at 9:31 AM
To: "Picollelli, Nicholas D. (DOJ)" <nicholas.picollelli@delaware.gov>

It's well settled case law that confidentiality agreement/non-disparagement agreement require additional consideration. If your clients require such, especially in a case involving public funds and important issues of transparency, they will have to provide further consideration. Otherwise, if that is your client's final position, I will have no choice but to file a Motion to Enforce the Settlement Agreement. Be happy to discuss further.

Ronald G. Poliquin, Esquire
Eureka College Athletic Hall of Fame, Class of 2021
The Poliquin Firm LLC
1475 S. Governors Ave. Dover, DE 19904
Work Phone: (302) 702-5501
Cell: (302) 229-2430
Fax: (302) 213-0042

If you need immediate assistance please contact my assistant, Morgan Kramer at morgan@poliquinfirm.com.

This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message are prohibited. If you have received this email in error, please destroy it and notify me immediately... Any tax advice contained in this message is not intended or writ

[Quoted text hidden]

---

**Picollelli, Nicholas D. (DOJ)** <nicholas.picollelli@delaware.gov>   Fri, Aug 25, 2023 at 10:18 AM
To: Ronald Poliquin <ron@poliquinfirm.com>

You are correct about consideration. That's why the following language is included in the draft agreement that I sent you:

> One-hundred dollars in United States currency ($100.00 USD) of the Payment is the consideration paid to Guessford to adhere to all confidentiality provisions.

And, again, this is common language used in DSP's settlement agreements, which you have entered into in the past.

But I understand your position. Please file your motion.