IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JONATHAN B. GUESSFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | C.A. No. 23-185-MAK |
| CORPORAL STEPHEN DOUGLAS, ) | |
| TROOPER NICHOLAS GALLO, and ) | |
| MASTER CORPORAL RAIFORD BOX, ) | |
| ) | |
| Defendants. ) | |

**DSP DEFENDANTS' SECOND STATEMENT
IN SUPPORT OF CONTINUED SEALING/REDACTION**

Defendants Stephen Douglas, Nicholas Gallo, and Raiford Box ("DSP Defendants"),[1] by and through their undersigned counsel, hereby ask the Court again to permanently seal/redact Plaintiff Jonathan B. Guessford's Motion to Enforce Settlement Agreement ("Motion to Enforce"). *See* D.I. 28; *see also* D.I. 38 ("Notice of partially redacted Motion to enforce"). In support, DSP Defendants incorporate the arguments and precedent cited in *DSP Defendants' Response to Order to Show Cause for Redactions*, *see* D.I. 36, and *DSP Defendants' Statement in Support of Continued Sealing/Redaction*. *See* D.I. 39. DSP Defendants contend that both adequately support their request here. Moreover, DSP Defendants ask the Court to consider a recent decision from the Eastern District of Pennsylvania, *Brand Design Co., Inc. v. Rite Aid Corp.*, C.A. No. 22-1174-WB, 2024 WL 1164428 (E.D. Pa. Mar. 18, 2024). That court stated:

> Regarding the parties' settlement communications, it is a "time honored principle that settlement discussions generally remain confidential." *EEOC v. U.S. Steel Corp.*, 877 F. Supp. 2d 278, 292 n.27 (W.D. Pa. 2012). This principle, reflected in Fed. R. Evid. 408, derives from the strong federal policy of encouraging settlements. *See D.R. ex rel. M.R. v. E. Brunswick Bd. of Educ.*, 109 F.3d 896,

---

[1] "DSP" refers to Delaware State Police, the agency which employs DSP Defendants. DSP has the authority to negotiate case resolutions on behalf of DSP Defendants.

>901 (3d Cir. 1997) ("Settlement agreements are encouraged as a matter of public policy because they promote the amicable resolution of disputes and lighten the increasing load of litigation faced by courts."). Here, as [plaintiff] argues, disclosing the contents of the parties' prior settlement discussions makes it less likely that these discussions will continue, undermining [plaintiff's] interest in reaching a negotiated settlement to this matter. The Court agrees, and further agrees that [plaintiff's] proposed redactions are appropriate.

2024 WL 1164428, at *13.

The parties are admittedly no longer negotiating a settlement in this case. Nonetheless, the court's reason for sealing settlement discussions in *Brand Design Co., Inc. v. Rite Aid Corp.* holds true for any future settlement negotiations by DSP in other cases. Specifically, and without intended hyperbole, DSP will undoubtedly be chilled from engaging in good-faith settlement negotiations in the future for fear that a plaintiff will file any proposed settlement terms on the public docket. Or a plaintiff might threaten to disclose settlement negotiations in order to strong-arm DSP into accepting less than favorable settlement terms. In either regard, the impact on good-faith settlement negotiations will be devastating.

Lastly, DSP Defendants emphasize that unsealing the proposed settlement term in Plaintiff Guessford's Motion to Enforce is not simply disclosure of monetary amounts thrown back and forth between counsel. Instead, it is a proposed non-monetary term that was not part of the offer of judgment accepted by Plaintiff Guessford. And due to the nature of the proposed non-monetary term, Plaintiff Guessford will essentially gain the intended benefit of that proposed term if it is disclosed on the public record now, i.e., it will be as if the proposed term was included in the offer of judgment accepted by Plaintiff Guessford. That is fundamentally unfair to DSP, which did not include the term in its offer of judgment.

Wherefore, DSP Defendants respectfully ask the Court to permanently seal/redact the

2

portions of the Motion to Enforce that include or refer to the specific non-monetary term discussed by the parties during settlement negotiations. In the alternative, DSP Defendants ask the Court to keep the portions of the Motion to Enforce sealed/redacted until after DSP Defendants have exhausted their right to appeal.

Dated: September 10, 2024                    **STATE OF DELAWARE**
                                             **DEPARTMENT OF JUSTICE**

                                             */s/ Nicholas D. Picollelli, Jr.*
                                             Nicholas D. Picollelli, Jr. (#6317)
                                             Deputy Attorney General
                                             820 North French Street, 6th Fl.
                                             Wilmington, DE 19801
                                             (302) 577-8400
                                             Nicholas.Picollelli@delaware.gov
                                             *Counsel for DSP Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 10, 2024, he caused a true and correct copy of the attached ***DSP Defendants' Second Statement in Support of Continued Sealing/Redaction*** to be filed with the Clerk of Court and served on the following using CM/ECF:

Ronald G. Poliquin
The Poliquin Firm LLC
1475 South Governors Ave.
Dover, DE 19904
(302) 702-5500
ron@poliquinfirm.com

 

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

*/s/ Nicholas D. Picollelli, Jr.*
Nicholas D. Picollelli, Jr. (#6317)